IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cr-00247-2 |
| | ) | Judge Trauger |
| | ) | |
| THOMAS SCHROEDER | ) | |

**MEMORANDUM AND ORDER**

The court is in receipt of a letter from the defendant, Thomas Schroeder, requesting appointment of counsel to assist him in filing a motion under 28 U.S.C. § 2255 (Doc. No. 182), to vacate, set aside, or correct his 2013 sentence for Hobbs Act Robbery and Using, Carrying, Brandishing, and Discharging a firearm During and in Relation to a Crime of Violence. (Doc. No. 168 at 1.) The defendant states that he has attempted to contact his trial counsel on several occasions without any response, and would appreciate the appointment of new counsel for purposes of filing a § 2255 motion because he is "kind of slow" when it comes to legal work. (*Id.* at 1.)

The Supreme Court has affirmed "the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 26–27 (1981). Thus, there is generally no constitutional right to appointed counsel in civil proceedings. *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). A post-conviction attack on an underlying conviction has long been recognized as collateral to the criminal proceedings which resulted in loss of liberty, and thus civil in character. *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 (1987). Accordingly, the appointment of counsel in such cases is not

guaranteed by the Constitution. *Id.*; *see United States v. Grate*, Nos. 3:13-CR-103, 3:13-CR-124, 2016 WL 7638138, at *2 (E.D. Tenn. July 12, 2016) (finding no constitutional right to appointment of counsel for purposes of collateral attack on sentence under 28 U.S.C. § 2255).

However, under 18 U.S.C. § 3006A, when "the interests of justice so require, representation may be provided" to an indigent inmate "seeking relief under section 2241, 2254, or 2255 of title 28."[1] *See also* 28 U.S.C. § 2255(g) (recognizing that court may appoint counsel, as provided in § 3006A, "in all proceedings brought under this section"). This statutory standard vests the court with discretion to appoint counsel based on factors such as "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004).

Here, the defendant has not filed a § 2255 motion, but merely contemplates filing one. It is thus impossible to assess the nature, complexity, and viability of any actual claim to § 2255 relief. *Cf. United States v. Whalen*, No. 4:09CR-19-JHM, 2014 WL 12531520, at *1 (W.D. Ky. Dec. 22, 2014) (finding the request for appointment of counsel premature where defendant had not yet filed a § 2255 motion). As it pertains to the viability of the defendant's contemplated filing, his letter recounts that he was sentenced to "210 months back in Oct. of 2013 for Hobbs Act robbery, and 924c," and he requests legal assistance to file "a 2255 in the matter of the Dimaya case[2] about 924c's being attached to Hobbs Act, and Hobbs Act not being an[] act of violence." (Doc. No. 1 at 1.) However, the Sixth Circuit has joined the circuit court consensus in holding that Hobbs Act robbery is categorically a crime of violence under 18 U.S.C. § 924(c), *United States v. Gooch*, 850

---

[1] The court presumes for these purposes that the defendant is indigent.

[2] This reference appears to be to the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), decided April 17, 2018.

F.3d 285, 292 (6th Cir. 2017), regardless of whether the defendant is the principal perpetrator or the aider and abettor of the robbery. *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018). *See also In re: Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that *Dimaya* applies to § 924(c)(3)(B), that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having "as an element the use, attempted use, or threatened use of physical force against the person or property of another.") The potential merit of such a claim thus does not weigh in favor of appointing counsel. *Cf. United States v. Waite*, 382 F. Supp. 2d 1, 2–3 (D.D.C. 2005) (finding that interests of justice did not require appointment of counsel to assist in § 2255 filing because, e.g., facts supporting defendant's sentence were established by his guilty plea and he therefore had no likelihood of success on the merits).

As to the defendant's justification for seeking appointment of counsel, his being slow to produce legal work reflects a lack of legal knowledge or training that is typical of prisoner litigants, rather than anything of an exceptional nature. *See Kirk v. Leibach*, No. 1:15-cv-01101-JDB-egb, 2016 WL 6092713, at *1 (W.D. Tenn. Oct. 19, 2016) (citing *Richmond v. Settles*, 450 F. App'x 448, 452–53 (6th Cir. 2011), and *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010)). He does not state that he suffers from any mental or physical disabilities that would limit his ability to file a § 2255 motion. His letter to the court is sufficiently articulate to convince the court that he would not have particular difficulty filing a § 2255 motion.

In light of the foregoing, the court finds that the interests of justice do not require appointment of counsel in this instance. Accordingly, the defendant's request for appointment of counsel is **DENIED**.

Nevertheless, for the defendant's convenience should he decide to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the Clerk of Court is **DIRECTED** to mail the defendant a blank form appropriate for such filing.

It is so **ORDERED**.

ENTER this 7th day of January 2019.

_____
Aleta A. Trauger
United States District Judge